# White and Williams LLP



824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245

Marc S. Casarino
Direct Dial: 302.467.4520
Direct Fax: 302.467.4550
casarinom@whiteandwilliams.com

May 14, 2007

**VIA ELECTRONIC FILING & HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court
 for the District of Delaware
844 N. King Street, Lockbox 31
Wilmington, Delaware 19801

> **RE: In re: Stone & Webster, Inc., et al.**
> **Consolidated SWINC Estate and SWE&C Liquidating**
> **Trust v. ACE USA, Inc. and Century Indemnity Company**
> **C. A. No. 07-208 (SLR)**

Dear Judge Robinson:

    White and Williams LLP represents defendants ACE USA, Inc. and Century Indemnity Company in the above-captioned matter. Our motion for withdrawal of the reference with respect to this adversary proceeding is pending before Your Honor. Enclosed for Your Honor's consideration is the Bankruptcy Court's May 4, 2007 Memorandum Opinion holding that the claims raised in this adversary case are non-core.

    We are available at the convenience of the Court to discuss, if necessary.

Respectfully yours,

WHITE AND WILLIAMS LLP

By: _____
Marc S. Casarino

MSC:kab
Enclosure
cc:   Garvan F. McDaniel, Esquire
      Kerri K. Mumford, Esquire
      Thomas M. Going, Esquire
      Joseph G. Gibbons, Esquire
      John J. Lawson, Esquire



UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE



BY: ----------------------

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| STONE & WEBSTER, INCORPORATED, | ) Case No. 00-2142(PJW) |
| et al., | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |
| ———————————————— | ) |
| CONSOLIDATED SWINC ESTATE and | ) |
| SWE&C LIQUIDATING TRUST, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adv. Proc. No. 07-50390(PJW) |
| | ) |
| ACE USA, INC., and | ) |
| CENTURY INDEMNITY COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Marc S. Casarino
White and Williams LLP
824 N. Market Street, Suite 902
Wilmington, DE 19801

Thomas Going
Joseph Gibbons
John Lawson
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103

Attorneys for Century
Indemnity Company

Ian Connor Bifferato
Garvan F. McDaniel
Linda Richenderfer
Bifferato Gentilotti LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801

and

Adam G. Landis
Kerri K. Mumford
Landis Rath & Cobb LLP
919 Market Street
Suite 600
Wilmington, DE 19801

Lorraine S. McGowen
Orrick, Herrington &
Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0002

James E. Houpt
Kathleen A. Orr
Orrick, Herrington &
Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814

Counsel to the SWE&C
Liquidating Trust

2

Carmen H. Lonstein
Steven A. Domanowski
Bell, Boyd & Lloyd LLC
70 W. Madison Street, Suite 3200
Chicago, Illinois 60602-4207

Counsel to the Consolidated SWINC Estate

Dated: May 4, 2007

3

WALSH, J.    *P̃  N̄̃w̃ãh̃*

This opinion is with respect to the motion (Adv. Doc. # 12) of defendant Century Indemnity Company ("Century") for determination that this adversary proceeding brought by Consolidated SWINC Estate and SWE&C Liquidating Trust (collectively, "Plaintiffs") is non-core. For the reasons outlined below, I will grant Century's motion.

## BACKGROUND[1]

Plaintiffs are successors-in-interest of Chapter 11 debtors Stone & Webster, Inc. and certain of its subsidiaries (collectively "the Debtors"). Century is a successor-in-interest to companies that purportedly issued comprehensive general liability insurance policies to the Debtors between 1932 and 1961. (Adv. Doc. # 1, ¶ 22.) In this adversary proceeding, the Plaintiffs sue Century and Ace USA, Inc. ("Ace") seeking damages and a declaration that these insurance policies cover alleged environmental liabilities of the Debtors. (Id. at ¶ 1.)

The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., on June 2, 2000. Prior to the bankruptcy filing, two parties, Southern Union Company ("SU") and Narragansett Electric Company ("NEC"), filed environmental tort claims against the Debtors in two federal district courts (the "SU/NEC Claims"). Through the claims,

---

[1] The following facts are not in dispute.

4

SU and NEC sought to recover costs allegedly incurred in the cleanup of seventeen manufactured gas plants and manufactured gas waste disposal sites that the Debtors allegedly owned or operated. (<u>Id.</u> at ¶¶ 25, 27.)  Plaintiffs allege that Century's predecessor-in-interest had a duty to defend the Debtors against the SU/NEC Claims and indemnify them under the disputed insurance policies. (<u>Id.</u> at ¶ 29.)  However, when the Debtors requested coverage, Century's predecessor-in-interest allegedly failed to fulfill its duty.  (<u>Id.</u> at ¶¶ 28-29.)  As the claims were not resolved before the Debtors' bankruptcy filing, SU and NEC filed proofs of claim totaling over $20 million for costs incurred and undetermined future amounts in connection with the cleanup of the seventeen sites.  (<u>Id.</u> at ¶ 26.)

The Debtors negotiated a settlement with SU and NEC pursuant to which the Debtors agreed to pay $5 million and 50% of any recoveries from insurers, including Century, up to $10 million. (<u>Id.</u> at ¶¶ 34-35.)  When the Debtors moved for this Court to approve the settlement, (Doc. # 4657), Century objected to the motion arguing that the settlement agreement infringed on its rights under the policies.  (Doc. # 4687.)  After a hearing, this Court overruled Century's objection and granted the Debtor's motion to approve the settlement on January 9, 2004.  (Doc. # 4865.)  On January 16, 2004, this Court issued findings of fact and conclusions of law confirming the Debtors' Third Amended Joint Plan

5

of Reorganization wherein Century's rights, claims and/or defenses in any subsequent litigation regarding the insurance policies are explicitly reserved.  (Doc. # 4879, ¶ 40.)

Plaintiffs commenced this adversary proceeding on January 26, 2007 alleging the following counts against Century and Ace: (1) breach of contract; (2) breach of an implied covenant of good faith and fair dealing; and (3) violation of Rhode Island General Law § 9-1-33, which prohibits an insurer from refusing in bad faith to pay a claim under an insurance policy.  (Adv. Doc. # 1, ¶¶ 39-54.) Plaintiffs also request a declaratory judgment stating that (1) Plaintiffs have complied with all terms and conditions of the policies; (2) Century had a duty to defend the Debtors in connection with the SU/NEC Claims or to compensate the Debtors for their reasonable costs of defending such claims, and Century breached that duty; and (3) Plaintiffs' claim in connection with the settlement with SU and NEC is covered by the policies.  (<u>Id.</u> at ¶ 59.)  Plaintiffs claim that they are entitled to damages, including punitive damages, plus fees, expenses, costs, and interest in an amount to be determined at trial.  (<u>Id.</u>)

## DISCUSSION

Century's motion for a determination that this proceeding is non-core is ancillary to Century's motion to the District of Delaware to withdraw the reference with respect to this adversary proceeding.

        The distinction between core and non-core proceedings is
rooted in the U.S. Supreme Court's decision in <u>Northern Pipeline
Construction Co. v. Marathon Pipe Line Co.</u>, 458 U.S. 50, 73 L. Ed.
2d 598, 102 S. Ct. 2858 (1982).  In that case, the Supreme Court
ruled that bankruptcy courts, unlike Article III courts, do not
have the power to adjudicate "state created private rights,"
because these rights are too distant from the core of bankruptcy
courts' congressionally granted power.  <u>Id.</u> at 71.  In 1984,
Congress codified the Supreme Court's concept of core bankruptcy
jurisdiction by enacting 28 U.S.C. § 157(b)(1) to provide authority
for bankruptcy courts to hear and enter final judgments in "all
cases under title 11 and all core proceedings arising under title
11, or arising in a case under title 11."  28 U.S.C. § 157(b)(1);
<u>see also</u> <u>Burke v. Donington, Karcher, Salmond, Ronan & Rainone,
P.A. (In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.)</u>,
194 B.R. 750, 758 (D.N.J. 1996).  Bankruptcy courts may hear non-
core proceedings that are related to a case under title 11, but
rather than entering final orders, they must submit proposed
findings of fact and conclusions of law to the district court
subject to de novo review.  28 U.S.C. § 157(c)(1); <u>see also</u> <u>In re
Ramex Int'l, Inc.</u>, 91 B.R. 313, 315 (E.D. Pa. 1988); <u>Valley Forge
Plaza Assocs. v. Fireman's Fund Ins. Co.</u>, 107 B.R. 514, 516 (E.D.
Pa. 1989).

Section 157(b) does not define what a "core proceeding" is, but it does provide a non-exclusive list of types of proceedings that are "core."[2]  Courts have used various tests and

---

[2]28 U.S.C. § 157(b)(2) provides:

Core proceedings include, but are not limited to--

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 [11 USCS §§ 1101 et seq., 1201 et seq. or 1301 et seq.] but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

8

standards to determine whether a proceeding is core, some of them much narrower than others. See, e.g., In re Castlerock Properties, 781 F.2d 159, 162 (9th Cir. 1986) (taking a narrow view); In re Arnold Print Works, Inc., 815 F.2d 165, 168 (1st Cir. 1987) (taking a broad view, "close to or congruent with constitutional limits"). Under the prevailing standard in the Third Circuit, a court must first determine if a proceeding fits into one of the categories of core proceedings given in § 157(b)(2). Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999). If it does not, the court must apply the following test: "'a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of

---

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

a bankruptcy case.'" Id. (quoting Torkelsen v. Maggio (In re Guild & Gallery Plus), 72 F.3d 1171, 1178 (3d Cir. 1996)); and In re Marcus Hook Dev. Park Inc., 943 F.2d 261, 267 (3d Cir. 1991); see also In re United States Brass Corp., 110 F.3d 1261, 1268 (7th Cir. 1997) ("Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law."); Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987) ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding."). A core proceeding "must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be peripheral state law involvement." Travelers Cas. & Sur. Co. v. Skinner Engine Co. (In re Am. Capital Equipment, LLC), 325 B.R. 372, 375 (W.D. Pa. 2005) (citing Hatzel & Buehler v. Orange & Rockland Utils., 107 B.R. 34, 39 (D. Del. 1989)). On the other hand, courts generally find that state law causes of action brought by or on behalf of the debtor, which do not fall within the provisions of 28 U.S.C. § 157(b)(2)(B)-(N), are non-core matters. See In re Ramex Int'l, Inc., 91 B.R. at 315; In

re Athos Steel and Aluminum, Inc., 71 B.R. 525, 534 (Bankr. E.D.
Pa. 1987); In re Castlerock Properties, 781 F.2d at 162.

       Another factor that is relevant to the determination of
whether a proceeding is core or non-core is the time period in
which the underlying claim arises.  The Supreme Court in Northern
Pipeline ruled that Article I bankruptcy courts are
constitutionally restricted when it comes to the adjudication of
pre-petition state law claims.  458 U.S. at 71.  However, Northern
Pipeline does not hold that there is any constitutional impediment
that would prevent bankruptcy courts from deciding state law causes
of action that arise post-petition.  Valley Forge Plaza Assocs.,
107 B.R. at 517.  Claims that arise post-petition are generally
found to be core.  See, e.g., Beard v. Braunstein, 914 F.2d 434,
444-45 (3d Cir. 1990); In re Donington, Karcher, Salmond, Ronan &
Rainone, P.A., 194 B.R. at 758-59; Bernheim v. Chubb Ins. Co., 160
B.R. 42, 45 (D.N.J. 1993); Billing v. Ravin Greenberg & Zackin,
P.A. (In re Billing), 150 B.R. 563, 566 (D.N.J. 1993), rev'd on
other grounds, 22 F.3d 1242 (3d Cir. 1994), cert. denied, 513 U.S.
999, 130 L. Ed. 2d 416, 115 S. Ct. 508 (1994).  For example, in
West Electronics, Inc. v. National Union Fire Ins. Co. (In re West
Electronics, Inc.), the debtor asserted a claim against an
insurance company for damage to property that occurred post-
petition.  128 B.R. 900 (Bankr. D.N.J. 1991).  The court ruled that
the proceeding was core under 28 U.S.C. § 157(b)(2)(A) and (E)

because it involved a "matter[] concerning the administration of the estate" and an "order[] to turn over property of the estate." Id. at 904. Had the damage to the property occurred pre-petition, it would have been a plain state law claim by the debtor, remote from the substantive rights granted under the Bankruptcy Code. However, because the damage occurred post-petition, the connection between the claim and the bankruptcy case was greater because the property was property of the estate belonging to a debtor-in-possession. Id.

One other factor that parties sometimes discuss in motions to find that a proceeding is non-core is the economic benefit a claim can provide to the estate if it is successful. Some courts have suggested that the prospect of a claim augmenting the estate is relevant to the determination of whether a claim is core or non-core. See, e.g., St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 701 (2d Cir. 1989) ("[P]roceedings having the effect of bringing property into the estate of the debtor are core proceedings as defined by section 157(b)."). However, in the Third Circuit, courts do not consider this to be a factor. Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1239 n.19 (3d Cir. 1994) (finding that a pre-petition breach of contract claim that could bring property into the estate was "precisely the type of proceeding that is non-core and outside the power of the bankruptcy court to adjudicate"); see also In re Donington,

Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. at 759 (finding that a proceeding is not core "'merely because the resolution of the action results in more, or less, assets in the estate'" (quoting J. Baranello & Sons v. Baharestani (In re Baranello & Sons, Inc.), 149 B.R. 19, 25 (Bankr. E.D.N.Y. 1992))). The economic effect that a claim may have on the bankruptcy estate is a factor to support the exercise of "related to" jurisdiction over non-core claims under 28 U.S.C. § 157(a), Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (ruling that courts may exercise "related to" jurisdiction over a case where "the outcome could conceivably have any effect on the estate being administered in bankruptcy."), but has no bearing on the core/non-core dichotomy.

Century argues that this adversary proceeding is non-core because no substantive rights under the Bankruptcy Code are implicated, and this proceeding could exist outside of the Debtors' bankruptcy cases. Additionally, Century argues that the claim arose pre-petition and notes that several courts have found that proceedings to determine insurance coverage for pre-petition activity are non-core. In re Amatex Corp., 107 B.R. 856 (E.D. Pa. 1989), aff'd, 908 F.2d 963 (3d Cir. 1991); In re United States Brass, 110 F.3d 1261; Allied Prods. Corp. v. Hartford Accident & Indem. Co. (In re Allied Prods. Corp.), 02 C 8436, 2003 U.S. Dist. LEXIS 2596 (N.D. Ill. Feb. 20, 2003); Official Comm. of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I Holdings, Inc.), 295

B.R. 211 (D.N.J. 2003); In re Ramex Int'l, Inc., 91 B.R. 313.[3] Plaintiffs counter with several cases where courts have found that proceedings to determine insurance coverage are core. In re West Electronics, Inc., 128 B.R. 900; In re Am. Capital Equipment, LLC, 325 B.R. 372; Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.), 273 B.R. 374, 396 (Bankr. E.D. Pa. 2002); Valley Forge Plaza Assocs., 107 B.R. 514.

The primary disagreement between the parties is whether the adversary proceeding at hand arose out of pre-petition or post-petition activity. Plaintiffs argue that Century's alleged failure to defend against or indemnify the Debtors for the SU/NEC Claims occurred post-petition. However, Plaintiffs do not refute Century's contention that the parties were disputing whether Century had a responsibility to cover Plaintiffs for the SU/NEC Claims long before the commencement of these bankruptcy cases. Pre-petition activity relating to this dispute is well-documented in the Debtors' chapter 11 cases. For example, in the disclosure statement there is a detailed discussion of pre-petition litigation involving environmental claims against the Debtors and the Debtors' attempt to obtain indemnification rights against insurers, including Century's predecessor-in-interest, Insurance Company of North America. (Doc. # 4473, pp. 23-24.) Over ten years ago, the

---

[3] See also In re A.I.A. Indus., Inc., 75 B.R. 1013 (Bankr. E.D. Pa. 1987); Rosen-Novak Auto Co. v. Honz, 783 F.2d 739 (8th Cir. 1986); In re R.I. Lithograph Corp., 60 Bankr. 199 (Bankr. D.R.I. 1986).

Southern District of New York granted summary judgment in favor of the Debtor finding that Insurance Company of North America had a duty to the Debtor against claims by other environmental claimants. Stone & Webster Mgmt. Consultants v. Travelers Indem. Co., 94 Civ. 6619 (RPP), 1996 U.S. Dist. LEXIS 4852 (S.D.N.Y. Apr. 15, 1996). The settlement agreement between the Debtors and SU and NEC is obviously a follow-up to that litigation. Therefore, it is incorrect for Plaintiffs to argue that this dispute concerning insurance coverage arose post-petition.

As it is clear that Plaintiffs' claims arose pre-petition, three of the four cases that Plaintiffs cite where courts ruled that a proceeding to determine insurance coverage was core can be distinguished on that fact alone. In re West Electronics, Inc., 128 B.R. at 903 (finding that a proceeding to determine insurance coverage was core where alleged property damage occurred post-petition); In re Am. Capital Equipment, LLC, 325 B.R. at 376 (finding that a proceeding to determine insurance coverage for future post-petition liability was core where the insurer's claims were "based solely on the debtor's actions in its bankruptcy case" -- the alleged breach of an insurance contract was created by the reorganization plan proposed by the debtor); Valley Forge Plaza Assocs., 107 B.R. at 518 (finding that a proceeding to determine insurance coverage was core where alleged breach of contract occurred post-petition). In Valley Forge Plaza Associates, the

court even recognized that "[a] number of courts have held that an action by a debtor or trustee against the debtor's insurer is a non-core proceeding." 107 B.R. at 516.

The other case that Plaintiffs cite, In re Reliance Group Holdings, Inc., 273 B.R. 374, is also distinguishable. In that case the debtor alleged that the Insurance Commissioner of the Commonwealth of Pennsylvania sought a declaration that the debtor's assets included certain insurance policies that provided coverage up to $125 million. The court ruled that this was a core proceeding not because it involved the determination of insurance coverage, but because it required the court to determine whether the insurance policies were property of the estate -- an issue squarely within the Bankruptcy Code § 541 purview. Id. at 394 (citing Pension Benefit Guaranty Corp. v. Continental Airlines, Inc. (In re Continental Airlines), 138 B.R. 442, 445 (D. Del. 1992)) (A determination regarding property of the estate is a core proceeding).

In further support of their argument that this proceeding is core, Plaintiffs assert that this proceeding could not exist outside of bankruptcy because the dispute is interrelated with SU and NEC's proofs of claim and this Court's approval of the settlement agreement under Bankruptcy Code §§ 105 and 502(a). While the proofs of claim and the approval of the settlement in bankruptcy do spring from sections of the Bankruptcy Code that do

16

not apply outside of bankruptcy, these elements are only peripheral to this proceeding. The filing of the proof of claim is a technical requirement that does not relate to whether the insurance policies in question cover the SU/NEC Claims. As noted above, the substantive dispute here started some ten years ago in the District Court for the Southern District of New York.

Likewise, the fact that this Court approved the settlement is of no particular significance because the settlement approval procedure does not make the settlement unique to a bankruptcy case. What took place in the bankruptcy case was a claim and a settlement that could have been effected outside of the bankruptcy court if the Debtors had not filed petitions. It is incorrect to say that the claims and their settlement could not arise absent the bankruptcy cases. The proof of claim is nothing more than what would be called a "complaint" in a state court or a federal district court and this Court's approval of the settlement is of no more significance than a conventional complaint settlement in civil litigation. At its root, this proceeding is a plain breach of contract claim governed by state law. Pre-petition state law contract claims are precisely the type of claim that the Supreme Court held could not be decided by non-Article III judges in <u>Northern Pipeline</u>, 458 U.S. at 71. <u>See also</u> <u>Valley Forge Plaza Assocs.</u>, 107 B.R. at 516.

Plaintiffs also argue that this adversary proceeding is core because it will augment amounts available for distribution to creditors.   As discussed above, the prospect that a claim may provide economic benefit to the estate does not factor into the determination of whether a claim is core or non-core.   See Phar-Mor, Inc., 22 F.3d at 1239 n.19.   While it is possible that Plaintiffs may succeed in this adversary proceeding and that both Plaintiffs and SU and NEC may benefit from the proceeds of the disputed insurance policies, it is also possible that Plaintiffs may lose.

### CONCLUSION

For the reasons outlined above, the Court finds that this adversary proceeding is clearly non-core.   Therefore, Century's motion for determination that this adversary proceeding is non-core is granted.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| STONE & WEBSTER, INCORPORATED, | ) Case No. 00-2142(PJW) |
| et al., | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| ─────────────────────────── | ) |
| CONSOLIDATED SWINC ESTATE and | ) |
| SWE&C LIQUIDATING TRUST, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adv. Proc. No. 07-50390(PJW) |
| | ) |
| ACE USA, INC., and | ) |
| CENTURY INDEMNITY COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the reasons set forth in the Court's memorandum opinion of this date, the motion (Doc. # 12) of defendant Century Indemnity Company for determination that this proceeding is non-core is **GRANTED**.

Peter J. Walsh
United States Bankruptcy Judge

Dated: May 4, 2007